```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**MILDRED KRANTZ**                          **CIVIL ACTION: 08-1011**

**VERSUS**                                  **JUDGE IVAN L.R. LEMELLE**

**THE PEP BOYS- MANNY, MOE,**               **SECTION "B"(4)**
**& JACK, INC.**

## ORDER AND REASONS

Before the court is Plaintiff's Motion To Remand. (Rec. Doc. 4). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's Motion To Remand is **DENIED**.

## BACKGROUND

On November 18, 2007, plaintiff, Mildred Krantz, was a customer at the Pep Boy's store on Carrollton Avenue in New Orleans, Louisiana. (Rec. Doc. No. 4). Between 7:15 and 8:00 that evening, plaintiff went behind the store to pick up her vehicle, as instructed by defendant's employees. Plaintiff tripped and fell over a speed bump in the parking lot and suffered injury to her right arm, elbow, and hip. She subsequently underwent surgeries and rehabilitative treatments, including a hip replacement surgery and long term physical therapy. (Rec. Doc. No. 4).

Plaintiff filed suit in the Civil District Court for the Parish of Orleans on October 4, 2007. Defendant was served with notice on October 19, 2007. Defendant filed responsive pleadings

in state court and took plaintiff's deposition before filing a Notice of Removal on February 20, 2008, approximately four months after receiving service of the initial pleading. (Rec. Doc. No. 4).

## DISCUSSION

**1. Timeliness of Removal**

Civil actions may be removed from state court when the United States district courts have original jurisdiction. 28 U.S.C. § 1441(a). However, when original jurisdiction is not founded on a claim "arising under the Constitution, treaties or laws of the United States," the action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b). All of the requirements of diversity jurisdiction contained in 28 U.S.C. § 1332 must be satisfied to remove a case based on diversity. *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

Neither party in the present case contests this court's jurisdiction. The parties agree that they are citizens of different states and that the amount in controversy exceeds $75,000, as required by § 1332. The issue, rather, is whether the allowable removal was timely. A defendant wishing to remove a case must file notice of removal within thirty days of receipt of "the initial pleading setting forth the claim for relief upon

which such action or proceeding is based." 28 U.S.C. § 1446(b). The defendant may alternatively file for removal within thirty days of receipt of "an amended pleading, motion, or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id*.

This court must determine when the time period began to run to determine whether removal is time barred. As defendant correctly asserts, *Chapman v. Powermatic, Inc.*, 969 F.2d 160 (5th Cir. 1992)is the controlling law on the issue at bar.

In *Chapman*, the Fifth Circuit adopted a bright line rule with regard to the thirty day time period contained in § 1446(b) in order to "promote certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know." *Id*. at 163. The court held that the thirty day time period begins to run at receipt of the initial pleading "only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Id*. Plaintiff is therefore required to place a "specific allegation" that the damages exceed the jurisdictional limit in the initial pleading. *Id*.[1]

Plaintiff argues that her description of the severity of the

---

[1] By requiring litigants to insert a specific allegation about damages in petitions that are initially filed in state court the *Chapman* "bright line rule" comes close to infringing on state law that expressly prohibits allegations that quantify the amount of damages in petitions filed in the state courts.

injury in the initial pleading was sufficient to notify defendant that the threshold was met. Plaintiff cites a plethora of case law holding that the amount in controversy can be determined by the injuries listed in the pleading when a specific amount cannot be or is not given.  However, as defendant correctly notes, timeliness of removal was not at issue in any of the cases plaintiff cites. Rather, the cases relied upon by plaintiff address whether the jurisdictional amount was met. No party contests that the threshold is met in the case at bar, therefore the cases cited are not necessarily relevant.

Further, under plaintiff's reasoning, the court would be required to determine defendant's subjective knowledge about the amount in controversy, which is exactly what the bright line rule of *Chapman*, 969 F.2d 160, seeks to avoid. As the Fifth Circuit stated in a later case, in *Chapman*, "we rejected a due diligence requirement for determining whether a case is removable, insisting that the defendant's subjective knowledge cannot convert a case into a removable action." *Bosky v. Kroger*, 288 F.3d 208, 210 (5th Cir. 2002). In fact, the *Chapman* decision even notes that the defendant tacitly admitted knowledge of the extent of the damages, yet the court still created a rule to avoid determining subjective knowledge. *Chapman*, 969 F.2d at 162, n.4.

Plaintiff is required under the bright line rule of *Chapman* to place a "specific allegation" that the damages exceed the jurisdictional limit in the initial pleading. *Id*.  As noted by

*Bosky* 288 F.3d 208, paragraph one of § 1446(b) causes the thirty day period to begin at the time of service of the initial pleading "setting forth the claim for relief." The court reasoned that to set forth means "to publish" or "to give an account or statement of." *Id*. at 211. Thus, under the *Bosky* reasoning and the bright line rule of *Chapman*, for plaintiff to prevail on her theory that defendant knew the amount of the claim at the time of the initial pleading, she would have to show that she gave an account or statement, or specific allegation, of the fact that her claim exceeded the jurisdictional limit. Defense Exhibit Number 1, plaintiff's initial Petition for Damages shows that she made no such assertion. Part XI of the petition reads: "Petitioner hereby requests trial by jury and submits that her claims exceed the jurisdictional threshold for trial by jury." Plaintiff made no similar allegation with respect to federal jurisdiction as required by *Chapman*. Therefore, her argument that defendant was aware that the threshold was met is incorrect. The court cannot inquire into the subjective knowledge of the defendant, and without a specific allegation, the thirty days could not begin at the time of initial service.

Finally, *George v. Wal-Mart Louisiana, L.L.C.*, 2007 WL 196902 (W.D.La.), a recent case from the Western District of Louisiana, presents facts that are directly analogous to the case at bar. Plaintiff, George, was injured at defendant's place of

business and did not contest that her damages were below $75,000. George's petition stated that the claim exceeded the jurisdictional threshold for trial by jury and that she sought the "maximum reasonable amount allowed by law." *Id*. at 2. George did not did make any reference to the federal jurisdictional amount, but did claim that she notified defendant of the extent of her injuries prior to responding to interrogatories. The district court noted that although the exact amount of damages cannot be stated in the petition under Louisiana law, "it is clear that under federal jurisprudence the clock begins to run upon the service of the petition only if plaintiff specifically alleged that the damages were in excess of the federal jurisdictional amount" *Id*. at 3. The court also noted that the Fifth Circuit "continues to reject a due diligence requirement for determining whether a case is removable." *Id*.

On the facts of *George*, which are directly analogous to the present case, the court held that the petition was not sufficiently definite on its face to put defendant on proper notice and start the clock on the time period. *Id*. Rather, the court held that the interrogatory responses were sufficient "other papers" to begin the clock pursuant to the second paragraph of § 1446(b). *Id*.

Thus, it is consistent with the wording of the statute and the intent of the bright line rule that the thirty day period in

the instant case began when defendant received information, through interrogatories, of the gravity of plaintiff's injuries and unequivocally realized that the $75,000 threshold was met. Therefore, defendant has properly filed for removal within thirty days of ascertaining that the jurisdictional limit was met, and this court enjoys uncontested jurisdiction. Removal is proper pursuant to 28 U.S.C. § 1441(a).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion To Remand is **DENIED**. New Orleans, Louisiana this 24th day of July, 2008.

_____
**UNITED STATES DISTRICT JUDGE**